[Crim. No. 114½.   Department One.—December 13, 1895.]

EX PARTE ALFRED CLARK ON HABEAS CORPUS.

CONTEMPT OF COURT—FINDINGS OF FACT—HABEAS CORPUS.—The findings of fact recited by the court in the order of commitment of a person committed for contempt must be held to have been authorized by the evidence, and are not subject to be controverted, upon writ of *habeas corpus*.

ID.—PRIOR PUNISHMENT FOR CONTEMPT—AUTHORITY OF COURT—VIOLATION OF SUBSEQUENT ORDER.—The court is not deprived of authority to punish for contempt, by reason of a prior imprisonment for contempt in a matter distinct from that for which the subsequent order was made, where it appears that the contempt first punished was committed prior to the first imprisonment, and that the offense subsequently punished is the violation of a subsequent order which could not have been the basis of the prior contempt.

ID.—REFUSAL OF INSOLVENT TO SURRENDER PROPERTY.—After an adjudication of insolvency, regardless of whether the proceeding is in voluntary or involuntary insolvency, the insolvent is at all times subject to an examination by the court in relation to his property or estate, and if upon such examination the insolvent shall admit or the court shall find that he has omitted certain property from his inventory, the court has the same authority to direct him to deliver this property to the assignee, as it had to direct him to file the inventory, and he may be punished for contempt for refusal to comply with such direction.

APPLICATION in the Supreme Court for discharge upon writ of *habeas corpus*.

The facts are stated in the opinion of the court.

*G. W. Chamberlain*, for Petitioner.

HARRISON, J.—The petitioner herein was adjudicated an insolvent upon the application of certain of his creditors, and thereafter, under the order of the court, filed a schedule and inventory, as required by the Insolvent Act. Upon the application of the assignee of the insolvent, and after notice to him, the superior court found that certain personal property belonging to the insolvent's estate had been concealed by him from his assignee, and sold subsequent to his adjudication, and that he had received therefor the sum of two hundred and seventy-five dollars, which he had appropriated to his own use; and on December 4, 1895, made an order that he pay the said sum of money to the assignee on

or before the sixth day of December, 1895. A copy of this order was served upon him on the same day that it was made, and on the sixth day of December, and again on the 7th, a demand in writing was made upon him by the assignee that he pay to him the said sum of money. Upon his failure to make such payment, the assignee served him with written notice that on the tenth day of December he would move the court for an order adjudging him guilty of contempt for not obeying said order. The matter came up for hearing at the time fixed in said notice, the petitioner appearing in person and also by attorney, and, after hearing evidence and argument thereon, the court found that the petitioner herein had willfully and contumaciously refused to obey the order of December 4th, requiring him to pay said sum of money, and adjudged him guilty of contempt by reason of his willful disobedience and violation of said order; and directed that he be committed to the custody of the sheriff and imprisoned in the county jail until he should pay the said sum of two hundred and seventy-five dollars to the assignee; and, being taken into custody by the sheriff, he sued out the present writ.

The findings of fact recited in the order of commitment must be held to have been authorized by the evidence before the court, and are not subject to controversy in this proceeding.

The Insolvent Act requires the insolvent to file in the court a schedule of his debts and liabilities, and an inventory containing an accurate description of all his estate. The condition upon which the discharge in insolvency is to be granted is that the petitioner has surrendered all his property, and his original petition to be adjudged an insolvent not only imposes the obligation, but also implies an agreement by him that he will make such surrender. There is no distinction in procedure between voluntary and involuntary insolvency after an adjudication has been made. By section 47 of the Insolvent Act, the insolvent is at all times subject to an examination by the court in relation to his

property or estate.    If upon such examination the insolvent shall admit that he has omitted certain property from his inventory, and that he has it in his possession, the court has the same authority to direct him to deliver this property to the assignee as it had to direct him to file the inventory in the first place; and, for the purpose of this proceeding, a finding of the court that the petitioner concealed this property, and received the proceeds of its sale, is to be regarded with the same effect as would an admission of that fact by the insolvent.    *Ex parte Hollis,* 59 Cal. 405, referred to at the argument, differs essentially from the present case, in that in that case Hollis was not the insolvent, but claimed to hold the property adverse to the insolvent and to all the world, by virtue of a title antedating the proceeding in insolvency, and it was held that, as he was not a party to the proceeding in insolvency, the court could not try the issue of his title in a summary proceeding to punish him for contempt for not delivering it up.    In the present case, however, there was no claimant of property before the court, other than the insolvent himself, and a court would be powerless indeed, if it could not compel the insolvent whose proceedings were before it for adjudication to deliver his property to the assignee, or to punish him for contempt for disobedience to its order.

The court was not deprived of authority to punish the petitioner for violating this order by reason of having on December 4th caused him to be imprisoned for contempt for twenty-four hours.    The contempt for which he was then punished is distinct from that for which the present order was made, and was committed prior to that date, whereas the offense for which he is now under punishment is the violation of an order made on that day, and which by its terms could not be made the basis of a contempt until after December 6th.

The writ is discharged and the prisoner remanded.

Van Fleet, J., and Garoutte, J., concurred.