[Crim. No. 187. Third Appellate District.—May 29, 1912.]

In the Matter of H. P. JORGENSEN, on Habeas Corpus.

CONTEMPT—VIOLATION OF INJUNCTION—IMPOSITION OF FINE—IMPRISONMENT IN DEFAULT OF PAYMENT.—Where the court, in a contempt case for a violation of an injunction, imposed a fine, it had jurisdiction to impose imprisonment for the nonpayment of the fine at the rate of two dollars per day until the fine is paid.

ID.—ADDITIONAL SENTENCE OF IMPRISONMENT.—The fact that the court also imposed additional imprisonment for the contempt of court would not take from the court its power to enforce the nonpayment of the fine by imprisonment at the special rate.

APPLICATION for writ of *habeas corpus* to the sheriff of Merced County.

The facts are stated in the opinion of the court.

Peck, Bunker & Call, for Petitioner.

F. G. Ostrander, for Respondent.

CHIPMAN, P. J.—On the ninth day of May, 1912, by an order duly given and made by the superior court of Merced county, petitioner was adjudged guilty of contempt of the said superior court for the violation of its decree in an injunction case, and was sentenced to imprisonment in the county jail for the period of two days and to pay a fine of $200 and, in default of the payment of said fine, to be confined in the county jail for one day for every two dollars of said fine.

Petitioner was taken into custody and imprisoned on May 9th and so remained until May 16th, when the petition for the writ herein was filed.

There is but one question presented, namely: Is that part of the sentence, imprisoning petitioner one day for each two dollars of the fine remaining unpaid, void?

The claim of petitioner is that the sentence was imposed under section 1218 of the Code of Civil Procedure, which authorizes the infliction of a fine not to exceed $500 or imprisonment not to exceed five days, or both; that section 1205 of the Penal Code, which authorizes the imposition of imprisonment for nonpayment of fine to the extent of one day for every two dollars of the fine unpaid, expressly provides that such imprisonment must not "extend in any case beyond the term for which defendant has been sentenced." It is hence contended that, the extent of the imprisonment, being limited by section 1218 of the Code of Civil Procedure to five days, the imprisonment could not be prolonged under section 1205 of the Penal Code and that its infliction is double punishment.

*People* v. *Brown*, 113 Cal. 35, [45 Pac. 181], is cited in support of petitioner's contention. That was the case where the defendant had been convicted of crime for which the statute authorized a sentence of imprisonment for a limited period. So, also, are all the other cases cited by petitioner.

In *Ex parte Abbott*, 94 Cal. 333, [29 Pac. 622], the question arose in a contempt proceeding, and it was there held that a superior court imposing a fine for contempt has the power to make and enforce a judgment that in default of payment the party in contempt be imprisoned in satisfaction of the fine until the fine is satisfied, at the rate of one day

for every two dollars of the fine unpaid. It was also held that section 1205 of the Penal Code, as amended in 1891, does not apply to cases of contempt. The point was involved in some extent in *Ex parte Krouse*, 148 Cal. 232, [82 Pac. 1043], although the fine there was $100 and the order was that in default of payment "he be imprisoned in the county jail . . . until the said fine is paid, such imprisonment not to exceed one day for each twenty dollars of said fine that shall so remain unpaid." Inasmuch as section 1205 of the Penal Code has no application to contempt cases, the principle decided in the Krouse case seems to have been the same as decided in the Abbott case, *supra*. Petitioner contends that the Abbott case differs from the case here in this, that here a judgment of imprisonment and fine was imposed, while in the Abbott case a fine only was imposed. We cannot see that this difference affects the principle decided.

That the court imposed punishment by imprisonment and also imposed a fine would not take from the court the power to enforce the payment of the fine as was exercised in the Abbott case.

The writ is discharged and the petitioner remanded to the custody of the sheriff.

Hart, J., and Burnett, J., concurred.