[Civ. No. 1860.   Second Appellate District.—October 20, 1915.]

CHRISTINE SHELTON CROUSE, Petitioner, v. SUPE-
RIOR COURT, IN AND FOR THE COUNTY OF LOS
ANGELES, and FRED H. TAFT, Judge Thereof, Re-
spondents.

PROHIBITION—FORECLOSURE OF CHATTEL MORTGAGE—DELIVERY OF
CHATTELS TO RECEIVER—ENFORCEMENT OF ORDER—CONTEMPT.—A
writ of prohibition will not issue to restrain the superior court from
enforcing obedience to an order made by it in an action for the fore-
closure of a chattel mortgage directing a party defendant to de-
liver certain of the mortgaged chattels in her possession to the
receiver appointed in the action, on the ground that the citation in
contempt proceedings based upon her refusal to comply with the
order was not personally served upon her, where she nevertheless
appeared in obedience to the citation and admitted the possession,
and the court thereupon made a new order directing her to make
such delivery.

APPLICATION for Writ of Prohibition originally made
to the District Court of Appeal for the Second Appellate
District directed to the Superior Court of Los Angeles
County and to Fred H. Taft, Judge thereof.

The facts are stated in the opinion of the court.

Joel S. Josselyn, for Petitioner.

Rush M. Blodget, for Respondents.

SHAW, J.—Prohibition.   It appears that petitioner was a
party defendant duly served with summons in a certain
action to foreclose a mortgage given upon chattels, some of
which were at the time in her possession.   She made no
appearance, and judgment was entered against her by de-
fault.   A receiver duly appointed under an order of the
court, was instructed to take into his custody the mortgaged
chattels, and thereupon he made demand upon petitioner that
she deliver to him two pairs of andirons, which were included
in the mortgage, with which demand so made she refused
to comply.   Thereupon the receiver procured from the court
an order citing petitioner to appear in court at a time therein

specified and show cause why she should not be punished for contempt for such disobedience. This order was not served upon petitioner, but upon one J. S. Josselyn, Esquire, who, though he was not her attorney of record, nevertheless accepted service thereof in her behalf. It may be conceded, as claimed by petitioner, that the purported acceptance of service of the order by this attorney, who, so far as shown by the record, was at the time a stranger thereto, was a nullity and constituted no sufficient basis for the contempt proceeding instituted thereby. Nevertheless, petitioner, in obedience to the order requiring her so to do, did appear, and admitting she then had possession of the andirons, was in open court by the judge thereof ordered to deliver the andirons to the receiver by 6 o'clock P. M. of that day, which order was entered of record. Apparently the court did not proceed with contempt proceedings founded upon the first order based upon an affidavit showing that petitioner had refused to deliver the articles upon the receiver's demand so orally made. That proceeding may be deemed to have been abandoned. It is the second order made in open court, petitioner being present, whereby she was ordered to deliver the property to the receiver, the failure to comply with which may or may not, upon a proper showing, constitute a basis for contempt proceedings. So far as right to possession of the property is concerned, petitioner had her day in court as a party to the foreclosure action, wherein it was adjudged that the articles in her possession were covered by and subject to the mortgage; and unless she has subsequently to the rendition of the judgment therein and with consent of the plaintiff in foreclosure, acquired some right or title to the property from the owners thereof, it is her duty to deliver the same to the receiver in obedience to the order. If she has thus acquired title to the property, a showing of such fact upon citation in contempt proceedings based upon her refusal to comply with the order, would no doubt, be deemed sufficient to purge her of such alleged contempt. Upon the record presented, we perceive no reason why the court should be prohibited from enforcing obedience to the order.

The alternative writ heretofore issued is dismissed and the application of petitioner denied.

Conrey, P. J., and James, J., concurred.