DÍAZ, PETITIONER AND APPELLANT, *v.* PEOPLE, RESPONDENT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 2, in Habeas Corpus Proceedings.

No. 1054.—Decided July 19, 1916.

CONTEMPT—SUMMONS—FAILURE TO APPEAR—JUDGMENT.—When contempt is committed in the presence of the court which gives the offender ample opportunity to explain his conduct by duly summoning him for a fixed place, day and hour and he fails to appear, the court may proceed to render judgment forthwith.

ID. — COMMITMENT — INTERRUPTION OF PROCEEDINGS — INFERENCE.— Although an order of commitment in contempt proceedings signed by the judge as required by statute may not state expressly that the insolent conduct towards the court in its presence tended to interrupt the proceedings, the order is sufficient if that fact may be inferred from the facts stated therein.

The facts are stated in the opinion.

· *Mr. Salvador Mestre, fiscal,* for the appellee.

The appellant did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a decision rendered in habeas corpus proceedings.

Ernesto Díaz Arana filed his petition, the writ was issued and the return thereon showed that he had been sentenced by the Municipal Court of Bayamón to one day in jail and a fine of two dollars for contempt committed as follows: While the said court was about to render judgment in the case of *The People* v. *Morales et al.* for breach of peace, and before the judge had concluded, the said Díaz Arana, attorney for the defendants, in an incorrect manner and contemptuous attitude, held up a notice of appeal from a judgment which the court had not finished rendering, displaying disrespectful behavior towards the court and making disdainful gestures.

The district court finally denied the petition and the petitioner appealed to this court, but neither filed a brief in support of his appeal nor appeared at the hearing held on July 11 last.

From a bill of exceptions which forms a part of the transcript, it appears that after the commitment against the petitioner had been filed his attorneys

"demurred to the return, alleging substantially as follows: The return of the jailer does not justify the imprisonment of the petitioner because the Municipal Court of Bayamón had no jurisdiction to punish Ernesto Díaz Arana for contempt for the acts recited in the writ, to wit, that he was guilty of disorderly and contemptuous conduct in holding up a notice of appeal before the judgment was rendered by the court in a case in which the petitioner was attorney, making gestures, etc., without stating that the said gestures and conduct interrupted the proceedings of the court, and without showing besides whether the court, in finding the petitioner guilty, caused him to appear before it to show cause why he should not be punished for contempt, and whether the petitioner was present when *summarily* committed."

The second question raised is unimportant. Notwithstanding the fact that the contempt was committed in the presence of the court, the accused was given ample opportunity to explain his conduct, having been duly summoned to appear at a particular place on a fixed day and hour. The accused did not appear and thereupon the court rendered judgment. The law requires only that the accused be given the opportunity which was given him in this case, and therefore the court committed no error in proceeding in the manner in which it did. See section 3 of the Act of 1902 defining and punishing contempt, as amended in 1906.

The first question is more important. The law in fact requires that the contemptuous behavior towards the court in its presence shall "tend to interrupt its proceedings" in order to constitute contempt. Section 1 of the Act cited. And it is true that an examination of the writ signed by the judge in accordance with the statute shows that that fact was not stated expressly. But although this is true, it cannot be denied that it may be tacitly inferred from the facts set forth therein that the conduct of the accused not only tended to interrupt, but necessarily did interrupt, the proceedings of the court in the said case.

In *ex parte Pesquera*, 17 P. R. R. 706, this court said:

"The *first* question arising from the record is as to the power of the district court, in a proceeding of habeas corpus, to examine into the facts on which the judgment of contempt, rendered by the municipal court, was based. It is well established by many authorities that the court, trying a habeas corpus case where the prisoner is confined on a judgment of contempt rendered by another court for misconduct occurring in the presence of the tribunal, has no such power; but that the facts in such contempt cases are regarded as conclusively settled and, if the court proceeded according to law and had jurisdiction of the person and the subject matter and the authority to pronounce the sentence, the order of imprisonment must stand. (*Spencer ex parte*, 83 Cal. 460; *Clark ex parte*, 110 Cal. 405; *Shattuck* v. *State*, 24 Am. Rep. 624; *Tolman* v. *Jones*, 114 Ill. 153)."

In view of the foregoing and of the manifest jurisdiction of the municipal court over the person and the subject matter, we are of the opinion that the district court acted correctly in refusing to order the release of the petitioner.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.