DíAZ, PETICIONARIO Y APELANTE, *v.* EL PUEBLO, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en un recurso de *habeas corpus.*

No. 1054.—Resuelto en julio 19, 1916.

DESACATO—FALTA DE COMPARECENCIA DEL ACUSADO DESPUÉS DE CITADO—SENTENCIA.—Si cometido un desacato a presencia de la corte, ésta da al acusado una amplia oportunidad para explicar su conducta, citándolo debidamente para determinados sitio, día y hora, y el acusado falta en comparecer, la corte puede proceder a dictar sentencia sin más trámites.

ID.—MANDAMIENTO DE PRISIÓN—CONDUCTA DESDEÑOSA—INTERRUPCIÓN DE PROCEDIMIENTOS JUDICIALES.—Aun cuando en el mandamiento para la prisión del acusado en procedimiento por desacato firmado por el juez de acuerdo con el estatuto, no se haga constar de manera expresa que la conducta desdeñosa hacia el tribunal en presencia del mismo fué tendente a interrumpir sus procedimientos, es suficiente el mandamiento si tal circunstancia se infiere de los hechos consignados en el mismo.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El apelante no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación contra resolución dictada en un procedimiento de *habeas corpus.*

Ernesto Díaz Arana presentó su solicitud, y expedido el auto, de su diligenciado resultó que había sido condenado por la Corte Municipal de Bayamón como autor de un delito de desacato a sufrir la pena de un día de cárcel y pagar dos pesos de multa porque en el momento de proceder la dicha corte a dictar sentencia en la causa de *El Pueblo* v. *Morales y otros,* por alteración de la paz, el dicho Díaz Arana, abogado defensor de los acusados, antes de que el juez terminara de pronunciarla, en forma incorrecta y en actitud desdeñosa, mostró en alto un escrito de apelación contra un fallo que aun no había terminado de dictarse y tuvo para la corte maneras despectivas y gestos de desdén.

La corte de distrito rechazó finalmente la solicitud y el peticionario apeló entonces para ante este tribunal sin que presentara alegato por escrito en apoyo del recurso, ni compareciera a la vista del mismo celebrada el once de julio actual.

De un pliego de excepciones que forma parte de la transcripción aparece que una vez presentado el mandamiento por virtud del cual se redujo a prisión al peticionario, sus abogados

"establecieron excepciones previas al *return,* alegando sustancialmente lo que sigue: el *return* del alcaide no justifica la prisión del peticionario porque la Corte Municipal de Bayamón no tenía jurisdicción para castigar por desacato a Ernesto Díaz Arana por los hechos que aparecen en el mandamiento, donde se dice que observó una conducta desordenada y desdeñosa levantando en alto un escrito de apelación antes de dictarse sentencia por la corte en un caso en que el peticionario era abogado y haciendo gestos, etc., etc.; sin expresar que esos gestos y esa conducta interrumpiera el procedimiento del tribunal y sin establecer además si la corte al encontrar culpable al peticionario

le hizo comparecer ante ella para castigarlo y si estaba presente el peticionario cuando se le castigó *sumariamente.*"

La segunda de las cuestiones suscitadas carece de importancia. No obstante haberse cometido el desacato a la presencia de la corte, ésta dió al acusado una amplia oportunidad para que explicara su conducta, citándolo debidamente para determinados sitio, día y hora. El acusado faltó en comparecer y la corte procedió entonces a dictar su sentencia. La ley sólo exige que se dé al acusado la oportunidad que se le dió en este caso y en tal virtud no cometió error alguno al proceder la corte en la forma en que lo hizo. Véase la sección 3 de la ley de desacato de 1902, enmendada en 1906.

La primera cuestión reviste mayor importancia. La ley exige en verdad para que se entienda cometido el desacato que la conducta desdeñosa hacia el tribunal en presencia del mismo sea "tendente a interrumpir sus procedimientos." (Sec. 1 de la ley antes citada.) Y es lo cierto que examinado el mandamiento firmado por el juez de acuerdo con el estatuto, se encuentra que falta tal circunstancia hecha constar de una manera expresa. Pero si bien esto es así, no puede negarse que implícitamente se infiere de los hechos consignados en el mismo, que la conducta del acusado no sólo tendió a interrumpir sino que necesariamente debió producir la interrupción de los procedimientos de la corte en la causa de que se ha hecho mérito.

En el caso *Ex parte Pesquera,* 17 D. P. R. 736, 738, esta corte se expresó así:

"La *primer* cuestión que surge de los autos, es la que se refiere a la facultad de la corte de distrito, en procedimientos de *habeas corpus,* para examinar los hechos en que se fundó la corte municipal al dictar su sentencia de desacato. Está bien establecido por muchas autoridades, que la corte que conoce de un caso de *habeas corpus,* no tiene facultad, cuando el prisionero está encarcelado por una sentencia de desacato dictada por otra corte, por mala conducta en presencia del tribu-

nal; pero que los hechos en tales casos de desacatos se consideran enteramente resueltos si la corte procedió de acuerdo con la ley y tenía jurisdicción sobre la persona y la materia, y facultad para dictar sentencia, la orden de prisión debe prevalecer. (Spencer, *ex parte,* 83 Cal. 460; Clark *ex parte,* 110 Cal. 405; *Shattuck* v. *State,* 24 Am. Rep., 624; *Tolman* v. *Jones,* 114 Ill., 153.) "*Ex parte Pesquera,* 17 D. P. R. 736, 738.

Por virtud de lo expuesto y apareciendo clara la jurisdicción de la corte municipal sobre la persona y sobre la materia, opinamos que la corte de distrito procedió correctamente al negarse a decretar la libertad del peticionario.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.