[Crim. No. 749. Second Appellate District, Division Two.—January 28, 1921.]

## In the Matter of the Application of J. N. BRAUN for a Writ of Habeas Corpus.

[1] CHATTEL MORTGAGE—SALE—DEFICIENCY JUDGMENT—DISCLOSURE OF FURTHER PROPERTY—POWER TO COMPEL.—After a sale of personal property, pursuant to a decree of foreclosure of a chattel mortgage, and the entry of a deficiency judgment against the defendant, the trial court has no authority, while that deficiency remains a subsisting adjudication of the rights of the respective parties, to compel the defendant, who resides in another county, to appear before the court and disclose the whereabouts of certain personal property covered by the mortgage, but which had not been sold by the commissioner, that it might be subjected to a further foreclosure sale, or to punish the defendant for contempt for failure to comply with such an order.

[2] ID.—JUDGMENTS—VALIDITY—INTENDMENTS. — All intendments are indulged in support of judgments of courts of superior jurisdiction, and their judgments import absolute verity.

[3] ID.—PRIMARY FUND FOR PAYMENT OF DEBT—WHEN DEFICIENCY JUDGMENT MAY BE ENTERED.—Mortgaged property is the primary fund out of which the mortgage debt is to be paid, and so long as any part of that property remains unsold there can be no deficiency judgment.

PROCEEDING on Habeas Corpus to secure the release of a defendant held in custody under a bench-warrant in a contempt proceeding. Petitioner discharged.

The facts are stated in the opinion of the court.

Frank C. Dunham for Petitioner.

E. M. Parker for Respondent.

CRAIG, J.—The material facts in this proceeding are as follows: An action was begun in the superior court of San Diego County entitled The First National Bank of San Diego, a Corporation, Plaintiff, v. John Braun and Mrs.

3. Right to deficiency judgment in action to foreclose chattel mortgage, note, 18 Ann. Cas. 1075.

M. E. Braun, Defendants, to foreclose a certain chattel mortgage. After the necessary steps had been taken, a decree of foreclosure and order of sale were duly made and entered; a commissioner was appointed to make the sale, which was regularly held, and the commissioner made his report showing that the amount realized therefrom was $325; a deficiency judgment was then entered in the ordinary form for $492.79, the amount remaining due under the decree; thereafter plaintiff made affidavit that the defendant J. N. Braun had certain of the articles covered by the chattel mortgage in his possession, and that he refused to deliver them to the commissioner, and asked that an order to show cause be made directing the defendant J. N. Braun to produce said articles before the superior court of the county of San Diego; the order was issued as prayed for, the hearing of which, after continuances from time to time, was finally set for the eleventh day of October, 1920; defendant did not appear; whereupon, on application of the plaintiff, an order was made by the said superior court requiring the defendant J. N. Braun to appear in said court and show cause why he should not be punished for contempt for failure to respond to the citation. J. N. Braun is a resident of Los Angeles County and was arrested in Los Angeles County under a bench-warrant in said contempt proceeding.

[1] As authority to sustain the jurisdiction of the superior Court of San Diego County to take petitioner from the county in which he resides to another county, under the citation as herein recited, section 187 of the Code of Civil Procedure is relied upon, which reads: "When jurisdiction is, by the constitution of this code, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given, and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

By its own terms section 187 of the Code of Civil Procedure negatives the proposition that it can be made to apply in this case. A course of proceeding is specifically pointed out by the code. Our codes afford ample remedy for the creditor who holds a mortgage upon personal property

as security for his debt. After default he may foreclose the mortgagor's equity of redemption by sale of the property as of a pledge (Civ. Code, sec. 2967), or he may foreclose the mortgage under section 726 of the Code of Civil Procedure. If the property is in the possession of the mortgagor it may be recovered by the mortgagee for the purposes of foreclosure and sale through a suit in replevin. In this case the mortgagee began foreclosure of the contract under section 726 of the Code of Civil Procedure. A judgment fixing the amount of the debt, with interest and costs, and directing that the same be paid by the mortgagor and that he make good any deficiency which might be found to exist after the sale, was rendered. Such a judgment is final and complete, because it leaves nothing to be adjudicated. Only ministerial acts remain to be done. (*Morris* v. *Morange*, 38 N. Y. 172; *Baker* v. *Lehman*, Wright's Ohio Rep. 522.) A sale took place, the commissioner made his report, and a deficiency judgment was entered which has not been vacated and precludes the claim now that the mortgaged property was not sold. The judgment being final, the defendant in the action became a judgment debtor. The jurisdiction of the court to enter a judgment *in personam* in the foreclosure of a mortgage is statutory, and no authority is given by the statute for the holding a sale by the commissioner after the entry of a deficiency judgment. Upon its entry the mortgagee acquired a right to proceed against the mortgagor personally. Again, the code is definite as to the remedy, and allows execution to issue against the property, generally, of the judgment debtor. It further provides a means, through supplemental proceedings, of discovering property whose location may be unknown. No opportunity is afforded to invoke the aid of section 187 of the Code of Civil Procedure.

It is contended that proceedings supplemental to execution could not be resorted to until the resources of the mortgage are first exhausted. This is a mistake. Immediately upon the entry of the deficiency judgment a right accrued to have execution issued, and upon this being returned unsatisfied, in whole or in part, to proceed under section 714 of the Code of Civil Procedure. However, this section expressly provides: "But no judgment debtor must

be required to attend before a judge or referee out of the county in which he resides, or in which he has a place of business.'' The petitioner is therefore entitled to be discharged, and it is so ordered.

FINLAYSON, P. J., Concurring.—I concur in the judgment and in the opinion of Mr. Justice Craig, but desire to state somewhat more fully the reason why, in my opinion, the court was without jurisdiction in the proceeding wherein it was sought to bring petitioner from Los Angeles County, the county of his residence and place of business, to submit himself for examination before the superior court of San Diego County.

Respondent expressly disclaims the idea that the proceeding in question is that which is provided by section 714 et seq. of the Code of Civil Procedure. Indeed, if the proceeding wherein petitioner was cited to appear before the superior court for San Diego County were a supplementary proceeding for the examination of a judgment debtor under section 714 et seq., there could be no question as to the invalidity of the order requiring his appearance in San Diego. Section 714 expressly provides that ''no judgment debtor must be required to attend before a judge or referee out of the county in which he resides, or in which he has a place of business.'' Respondent's contention, as I understand it, is substantially this: After the entry of the deficiency judgment against petitioner, who is one of the two judgment debtors under the foreclosure decree in the suit to foreclose the chattel mortgage, the commissioner appointed by that decree to sell the mortgaged property discovered that certain of the properties covered by the chattel mortgage, and which had not been sold by him at the foreclosure sale, were in petitioner's possession or under his control. It was proper, therefore, so it is argued, to compel petitioner to disclose the whereabouts of those properties; and since no course of procedure is specifically pointed out by the code or by statute whereby the judgment debtor in a decree foreclosing a chattel mortgage can be compelled to disclose the whereabouts of the mortgaged property in order that it might be sold at foreclosure sale, the court, under section 187 of the Code of Civil Procedure, was free to adopt any suitable mode of proceeding, such, for ex-

ample, as that which was adopted by it in the present instance. This argument to support the proceeding in question rests upon the assumption that, notwithstanding the entry of the deficiency judgment, the plaintiff in the foreclosure action had the right, nevertheless, to a further foreclosure sale—that is, the right to a foreclosure sale of such of the mortgaged property as had not previously been sold by the commissioner at the foreclosure sale conducted by him, because it had not been discovered by him in time for that sale. In my opinion the plaintiff in that action is estopped to claim the right to such further foreclosure sale while the deficiency judgment remains a subsisting adjudication of the rights of the respective parties. [2] The rule is elementary that all intendments are indulged in support of judgments of courts of superior jurisdiction. Their judgments import absolute verity. [3] It also is the settled law of this state that the mortgaged property is the primary fund out of which the debt is to be paid, and so long as any part of that property remains unsold there can be no deficiency judgment. (*Woodward* v. *Brown,* 119 Cal. 283, 293, [63 Am. St. Rep. 108, 51 Pac. 2, 542].) In effect, therefore, the deficiency judgment is a solemn adjudication that, prior to its entry, the mortgage security had been wholly exhausted. To hold otherwise would countenance a collateral attack upon a judgment that, until set aside, is a final and conclusive determination of all the questions that its entry necessarily implies. For these reasons I am of the opinion that, until the deficiency judgment shall have been vacated (if it may be), the parties to the action are estopped to claim that there is any mortgaged property that was not sold at the foreclosure sale, and that, therefore, the commissioner appointed by the court in the foreclosure decree, for want of any subject matter of a further foreclosure sale, is without authority to make such sale, and the superior court is without jurisdiction to aid him in any such attempt.

Works, J., concurred.