[Crim. No. 3728. In Bank.—May 9, 1934.]

In the Matter of the Application of WALTER J. VICTOR, for a Writ of Habeas Corpus.

John F. Groene for Petitioner.

Arthur T. George, Ira H. Rowell and Roderick B. Cassidy for Respondent.

SHENK, J.—The petitioner was found guilty by the railroad commission of a violation of an order of the commission and was ordered punished by a fine of five hundred dollars and by five days imprisonment in the county jail of Los Angeles County. It was further ordered that in case of default in payment of the fine the petitioner be committed to said county jail until the fine be paid or satisfied in the proportion of one day's imprisonment for each five dollars of the fine. The order became final. The petitioner served the five days in jail and was thereupon released from custody. Thereafter, the commission issued a supplemental order of attachment of the body of the petitioner and his commitment to said county jail until the fine be paid or satisfied, such imprisonment not to exceed one day for each five dollars of the fine. Pursuant to this order the petitioner was again taken into custody. In this proceeding he contends that the portion of the original order of the commission requiring imprisonment in default of the payment of the fine and the supplemental order to the same effect were beyond the power of the commission and void.

The Constitution provides in section 22 of article XII that the commission shall have power to punish for contempt "in the same manner and to the same extent as courts of record". Section 81 of the Public Utilities Act is to the same effect. Section 1218 of the Code of Civil Procedure provides that the court or judge must determine whether the person proceeded against is guilty of the contempt charged, "and if it be adjudged that he is guilty of the contempt, a fine may be imposed on him not exceeding five hundred dollars, or he may be imprisoned not exceeding five days, or both".

It is established in this state that a superior court in imposing a fine for contempt has the power to make and enforce a judgment providing that in default of payment the party in contempt be imprisoned until the fine be satisfied (*Ex parte Abbott*, 94 Cal. 333 [29 Pac. 622]), notwith-

standing such term of imprisonment may exceed five days. (*Ex parte Karlson*, 160 Cal. 378 [117 Pac. 447, Ann. Cas. 1912D, 1334].)

 It seems to be the position of the petitioner that since the commission imposed a term of imprisonment, it divested itself of the power, in also imposing the fine, to require imprisonment in case of default in payment of the fine. Assuming that the rule contended for is applicable to judgments in criminal cases (see 8 Cal. Jur., p. 471, and cases cited), it is not the rule in contempt proceedings. Decisive precedent and authority for the order of the commission, contrary to the petitioner's contention, is found in *In re Jorgensen*, 19 Cal. App. 217 [124 Pac. 1055], and in *In re Mason*, 69 Cal. App. 598 [232 Pac. 157].

The writ is discharged and the petitioner is remanded.

Thompson, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.