[Crim. No. 6090.   Second Dist., Div. Two.   Dec. 3, 1957.]

In re GEORGE C. FINN, on Habeas Corpus.

George C. Finn, in pro. per., for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Assistant County Counsel, for Respondent.

RICHARDS, J. pro tem.*—A petition for writ of habeas corpus was filed by Charles C. Finn alleging that George C. Finn was unlawfully imprisoned by the sheriff of Los Angeles County. The petition alleged that George C. Finn was adjudged in contempt of the superior court of said county as a consequence of his refusal to comply with an order of said court directing him to sign a letter authorizing the United States Attorney General to surrender a certain aircraft to International Airports, Inc. to satisfy a foreclosure judgment previously obtained by said International Airports, Inc., and that George C. Finn had been adjudged in contempt without a trial or legal counsel.

This court issued a writ of habeas corpus. In response thereto the sheriff filed a return which alleged that George C. Finn was ordered incarcerated for a period of five days pursuant to an order of commitment, a copy of which was attached to the return. The return also incorporated by reference a certified record of the order directing him to execute the document together with the affidavits and orders with respect to the contempt proceeding. ▆▆ No traverse to the return was filed but at the hearing on the return it was stipulated that the petition be treated as a traverse to the return. "Accordingly, the return is to be considered as a complaint and the petition as an answer, and new matter set up in the petition which tends to invalidate the apparent effect of the process set forth in the return is deemed denied and must be proved by the party alleging it, namely, the petitioner." (*In re Masching*, 41 Cal.2d 530, 533 [261 P.2d 251].) No evidence was offered at the hearing on the return of the writ by or on behalf of George C. Finn.

Summarized, the facts are: On May 28, 1952, International Airports, Inc., filed an action against Charles C. Finn and George C. Finn in the Superior Court of Los Angeles County to recover possession of a certain aircraft. On June 9, 1952, International Airports, Inc., filed another action in the same county and against the same defendants to foreclose a chattel mortgage upon said aircraft. On February 7, 1953, the actions having been consolidated, the court entered its judgment against the defendants for the possession of the plane or in the alternative the sum of $10,014.43 and for the foreclosure of the chattel mortgage upon the aircraft covered thereby. This judgment was affirmed on appeal. (*Interna-*

*Assigned by Chairman of Judicial Council.

*tional Airports, Inc.* v. *Finn,* 132 Cal.App.2d 293 [282 P.2d 102].) It appears that the plane was in the custody of the United States Government and that the government was prepared to surrender it upon the written authorization of the persons, including George C. Finn, claiming an interest therein. On June 24, 1957, upon the duly noticed motion of International Airports, Inc., an order was made by said court requiring Charles C. Finn and George C. Finn to execute a letter directed to the government authorizing the surrender of possession of the plane to International Airports, Inc. A copy of the order was duly served upon them and upon their failure to comply therewith they were duly cited for contempt and upon their continued refusal to comply with the order each of them was found in contempt. The sentence of contempt imposed a fine of $500 upon George C. Finn or in default thereof that he serve one day in the county jail for each $100 not paid and upon his failure to pay the fine within the time fixed by the court he was committed to the county jail for five days.

At the hearing before us George C. Finn argued on his own behalf. In his argument and brief he contends that the superior court lacked authority to order him to execute the letter authorizing the government to surrender the airplane and consequently he may not be found in contempt for refusal to comply with such order. His contention is untenable.

■ The chattel mortgage foreclosure action in which International Airports, Inc., secured the judgment of foreclosure is an equitable proceeding. (*Elmore Jameson Co.* v. *Smith,* 34 Cal.App.2d 609 [93 P.2d 1063] ; *Bush* v. *Bank of America,* 1 Cal.App.2d 588, 592 [37 P.2d 168] ; *J. I. Case T. M. Co.* v. *Copren Bros.,* 45 Cal.App. 159, 167 [187 P. 772].) ■ In an equitable proceeding the court has inherent power to make supplemental orders affecting only the details of the performance of its decree. (*Hercules Glue Co., Ltd.* v. *Littooy,* 45 Cal.App.2d 42, 45 [113 P.2d 490] ; *Vallelunga* v. *Gomes,* 102 Cal.App.2d 374, 382 [227 P.2d 550].) It is clear that the order directing the execution of the letter authorizing the government to surrender possession of the plane was an order made within the inherent power of the court in aid of the execution of the foreclosure judgment. (See *Crouse* v. *Superior Court,* 28 Cal.App. 625 [153 P. 723].)

■ Where the court has jurisdiction over the subject matter and the parties and has authority to render the particular order, the fact that such order, disobedience of which

is made the basis of the contempt charge, is erroneous or improvidently rendered, does not justify the failure to comply therewith and the order cannot be attacked collaterally upon an application for habeas corpus to be released from imprisonment for contempt but it must be obeyed until dissolved by the court issuing it or reversed on appeal. (*In re Brambini,* 192 Cal. 19, 31 [218 P. 569] ; *In re Valterza,* 37 Cal.App.2d 682, 684 [100 P.2d 337].)

He contends that the court was not authorized to make the order for the reason that no proceedings supplemental to execution under the provisions of section 714 et seq., Code of Civil Procedure, had been taken before the questioned order was made. Contemner relies on *McCutcheon* v. *Superior Court,* 134 Cal.App. 5 [24 P.2d 911], but the cited case furnishes no support for his contention as it holds that if the statutory proceedings supplemental to execution furnish an adequate remedy to enforce a money judgment they are exclusive of the equitable remedy afforded by means of a creditor's suit. ▮ In the absence of evidence to the contrary, we must assume that the foreclosure judgment complied with the provisions of Code of Civil Procedure, section 726, requiring the creditor to exhaust his security before obtaining a personal judgment against the debtor. (*Haas* v. *Palace Hotel Co. of San Francisco,* 101 Cal.App.2d 108, 121 [224 P.2d 783].) ▮ Supplementary proceedings are designed to provide a summary method to discover assets of a judgment debtor and subject them to the satisfaction of a judgment. (19 Cal.Jur.2d, p. 679; *Smith* v. *Smith,* 51 Cal.App.2d 29, 31-32 [124 P.2d 117].) These proceedings are not applicable to the enforcement of a decree for the foreclosure of a chattel mortgage unless and until a deficiency judgment is entered against the mortgagee. (*In re Braun,* 51 Cal.App. 202, 204 [196 P. 499].)

▮ It is further contended that the order of the trial court was void in that it would have the effect of depriving George C. Finn of his property without due process of law. He argues that as against the government he is entitled to the possession of the plane in the same order and condition as when seized by the government or in lieu thereof that he is entitled to payment from the government of $50,000 and that by signing the authorization he would waive his rights against the government. On July 3, 1952, the government filed an action against International Airports, Inc., Charles C. Finn, George C. Finn and others claiming the title and

right to possession of the aircraft. On February 8, 1955, the United States District Court entered its judgment in that action that the government take nothing thereby and that the defendants Finn were entitled upon their counterclaim to possession of the aircraft in the same order and condition as when seized or to the payment of $50,000 as the value thereof. Subsequently the district court made an order which, in effect, amended its judgment so as to provide that if the government elected to surrender the plane, delivery thereof should be made to International Airports, Inc., instead of to the Finns. Upon appeal it was held that the district court erred in granting any affirmative relief to the Finns and the judgment was ordered modified so as to decree that the government take nothing by the action and that the counterclaim of the Finns be dismissed thereby reversing so much of the district court judgment as decreed that the Finns were entitled to possession of the plane in the same order and condition as when seized or to the payment of $50,000. (*United States* v. *Finn*, 239 F.2d 679.) Consequently, the order of the superior court requiring the contemner to sign the letter of authority did not deprive him of any money or property to which he was entitled by the judgment of the federal court.

▮ The allegation in the petition that petitioner was adjudged in contempt without a trial is without any support in the record which discloses that he was present in court when the questioned order was made and that a copy of the written order requiring him to execute the letter of authorization was regularly served upon him. The record also discloses that he was present in court on September 18, 1957, in response to an order to show cause why he should not be found in contempt for his refusal to execute said letter. He was advised by the court of his right to decline to testify; of his right to appear by counsel and of his right to argue if he chose not to testify. It further appears that at said hearing the court noted the filing of a notice of appeal from its order of June 24, 1957, requiring the execution of the letter and read section 944 of the Code of Civil Procedure[1] in open court. The court thereupon, in open court, ordered him to sign the letter and upon his failure so to do he was

---

[1]Code Civ. Proc., § 944. ''If the judgment or order appealed from, direct the execution of a conveyance or other instrument, the execution of the judgment or order cannot be stayed by appeal until the instrument is executed and deposited with the clerk with whom the judgment or order is entered, to abide the judgment of the appellate court.''

found in direct contempt for his refusal to execute the document before the court and in contempt for his failure to comply with the previous order of June 24, 1957. No evidence was offered at the hearing before us nor is any argument made in his brief that he was found in contempt without a hearing. ■The burden is on the petitioner to establish the essential allegations of his petition for a writ of habeas corpus. The presumption of the regularity of proceedings in support of a judgment prevails in the absence of evidence to the contrary." (*In re Staser,* 84 Cal.App.2d 746, 749 [191 P.2d 791].) Accord: *In re Bell,* 19 Cal.2d 488, 500 [122 P.2d 22]; *In re Oxman,* 100 Cal.App.2d 148, 151 [223 P.2d 66]. The writ is discharged and George C. Finn is remanded.

Fox, Acting P. J., and Ashburn, J., concurred.