[No. 20315.  In Bank. —July 7, 1887.]

EX PARTE WILLIAM I. WILSON. ON HABEAS CORPUS.

| 73 | 99 |
|----|----|
| 108 | 657 |

CONTEMPT — DIVORCE — FAILURE TO PAY ALIMONY — INSOLVENCY OF HUSBAND. —The husband in an action of divorce, who has been committed for contempt in not paying certain money ordered to be paid to his wife as alimony, is not entitled to be discharged on *habeas corpus* upon showing that since his imprisonment commenced he has filed his petition in insolvency, and has obtained the usual preliminary order declaring him an insolvent.

APPLICATION for a writ of *habeas corpus.* The facts are stated in the opinion of the court.

*Henry Miller*, and *Craig & Meredith*, for Petitioner.

*Welles Whitmore*, and *F. E. Whitney*, for Respondent.

McFARLAND, J.—The petition merely avers that petitioner was committed to the custody of the sheriff of Alameda County by an order of the Superior Court of said county, made in a certain action therein pending,

in which Jesse Wilson was plaintiff and petitioner was defendant, and that said court did not have jurisdiction to make said order. The return of the sheriff shows that the order committed petitioner for contempt in not paying certain money ordered to be paid as alimony in a divorce case; and it is apparent that the court had jurisdiction to make the order.

The petitioner filed an answer to the sheriff's return, in which he shows that since his imprisonment commenced he filed his petition in insolvency in another department of said Superior Court, and obtained the usual preliminary order declaring him an insolvent, directing the sheriff to take possession of his property, etc.; and he contends that this last order entitles him to be released by this court. But we do not see how it can have that effect. The thing which petitioner seeks to have determined by this court, in this proceeding, is, that he is unable financially to pay the alimony. But the Superior Court, when it made the contempt order, found as a fact that he was able to comply with the order for alimony, and we would not, upon *habeas corpus*, inquire into the correctness of that finding. It raises no jurisdictional question. Now, the subsequent initiation of insolvency proceedings, which might turn out to be fraudulent, and which might be discontinued at any time before the appointment of an assignee, is merely additional evidence touching the question of petitioner's financial ability. If presented to the Superior Court on another application for the release of petitioner from custody, it might or might not be deemed by that court sufficient to warrant his discharge, but it cannot be considered here, on this proceeding.

Let the petitioner be remanded.

SEARLS, C. J., McKINSTRY. J., and TEMPLE, J., concurred.

PATERSON, J., concurred in the judgment.