[No. 12496. In Bank. — April 20, 1888.]

IN THE MATTER OF THE APPLICATION OF WILLIAM I. WILSON FOR A WRIT OF MANDATE.

CONTEMPT — REFUSAL TO PAY ALIMONY — DISCHARGE OF PRISONER. — A person confined in jail for a contempt of court for refusing to obey an order directing him to pay alimony is entitled to be discharged, under sections 1143 et seq. of the Code of Civil Procedure, upon proof of his inability to pay.

ID. — CIVIL CONTEMPT — EXECUTION. — In a case of civil contempt, — as when a defendant in a civil action is ordered by the court to pay money generally to the plaintiff, and is committed until he shall have paid it, — the prisoner is in custody as under an execution.

ID. — APPLICATION FOR DISCHARGE — MANDAMUS TO COMPEL HEARING. — A person confined in jail for contempt in refusing to obey an order of court directing him to pay alimony will not be awarded a writ of mandate to compel the judge of the superior court to entertain an application for his discharge, when the answer to the petition for the writ, being taken as true, shows that the judge did entertain the application, but refused the discharge, because in his judgment the petitioner was not entitled thereto.

APPLICATION for a writ of mandate to the Superior Court of Alameda County. The facts are stated in the opinion of the court.

*Craig & Meredith*, for Petitioner.

*Fred. E. Whitney*, for Respondent.

McFARLAND, J. — In a certain action for divorce brought against petitioner, William I. Wilson, by his wife, in the superior court of Alameda County, the said court on February 1, 1887, made an order requiring petitioner to pay plaintiff therein two hundred dollars per month alimony and eight hundred dollars counsel fees. On April 25, 1887, the said court committed petitioner to the custody of the sheriff until said money should be paid; and since that date petitioner has been in jail under said orders. The petition states that on December 8, 1887, the petitioner, after due notice, applied to the respondent, Hon.

Noble Hamilton, a judge of the superior court of said county, to be discharged under sections 1143 et seq. of the Code of Civil Procedure; and that the respondent refused and still refuses to allow petitioner "to be examined or to take the oath prescribed by, or in any manner to receive any of the benefits or privileges provided for by, said sections of said code."

The answer of respondent first sets forth that petitioner "was not confined in jail on an execution issued on a judgment rendered in a civil action"; that he was so confined by virtue of "a commitment for contempt of court"; and that he "was not, and still is not, entitled to be examined, or to be discharged from custody, under the provisions of said sections" of the code.

If these were the only statements contained in the answer, it would be clear that respondent refused to allow petitioner to be examined, and to consider his application to be discharged, on the ground that his case did not come within the provisions of said sections of the code. But the respondent in his answer denies that he refused to hear petitioner's application for discharge; and "on the contrary, alleges that defendant, as superior judge of Alameda County, did, on the eighth day of December, 1887, hear the said application of said William I. Wilson, and all evidence, matters, and things produced in behalf of said application, and then and there listened patiently to the argument of counsel for said William I. Wilson," etc.; and "that afterward, on the ninth day of January, 1888, defendant rendered his decision and denied the application of said William I. Wilson for discharge," on the ground that "he was not, in the judgment of defendant, entitled thereto."

It is probable that the respondent refused to discharge the petitioner, and to consider the merits of the case, upon the ground that, having been committed for contempt, he could not under any circumstances be discharged under the sections of the code referred to. But

as the case was submitted on the answer taken as true, and as it avers that respondent did hear the application, "and all evidence, matters, and things produced in behalf of said application," and denied the discharge because the petitioner "was not, in the judgment of respondent, entitled thereto," we cannot take the fact to be that respondent refused to act in the premises, or to hear and determine the application. The writ of mandate must, therefore, be dismissed.

As, however, the petitioner may make another application for discharge before the respondent or some other superior judge, and may renew it every ten days, it may be well here to correct an error into which the respondent evidently fell.

Section 1143 of the Code of Civil Procedure is as follows: "Any person confined in jail on an execution issued on a judgment rendered in a civil action must be discharged therefrom upon the conditions in this chapter specified."

The succeeding sections of the chapter provide that such person, upon notice, may apply to a judge of a superior court of the county for his discharge; that the judge must examine him under oath as to his property and effects, and his ability to pay, etc., and hear such other legal and pertinent evidence as may be produced by him or the creditor; and that if, upon the examination, the judge is satisfied that the prisoner should be discharged, he must, after administering a certain prescribed oath, order his discharge. But in the case at bar the respondent seems to have considered that a person in jail for contempt for non-compliance with a general order for the payment of money to a party to an action is not a person included in said section 1143, and may be confined for a lifetime, although his inability to pay be clearly established.

There is a well-settled distinction between a civil and a criminal contempt. The former consists, generally,

in failing to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein; the latter consists in acts of disrespect of the court, such as disorderly or violent conduct in its presence or immediate vicinity, or in the doing of a forbidden act, resistance to process, etc. (Rapalje on Contempts, secs. 21 et seq.; *Phillips* v. *Welch*, 11 Nev. 187; *People* v. *Spaulding*, 10 Paige, 284.) There might be instances, of course, where the character of the contempt would be of difficult determination; but there is no doubt that in the case before us the failure to comply with an order for the payment of money generally was a civil contempt. And the authorities seem to be clear that in a case of civil contempt, — that is, when a defendant in a civil action is ordered by the court to pay money generally to the plaintiff, and is committed until he shall have paid it,—the prisoner is in custody as under an execution. It was so held in England under the "Lords Act." (*Rex* v. *Stokes*, Cowp. 136.)

In *Van Wezel* v. *Van Wezel*, 3 Paige, 43, which, like the case at bar, was contempt for not paying alimony, McCoun, vice-chancellor, says: "It is, to all intents and purposes, an execution. The order is a judgment rendered in favor of one party against the other for the payment of a sum certain, or which may be reduced to a certainty, if it be for costs, by taxation. The object of the precept is to execute the order, to give it effect, and to enforce its performance; and when the party is imprisoned upon it, he is, within the letter and meaning of the law, imprisoned by virtue of an execution." (See also *People* v. *Spaulding*, 10 Paige, 284, and 7 Hill, 301; *Case of Watson*, 3 Lans. 413; *People* v. *Cowles*, 4 Keyes, 49; *Jackson* v. *Billings*, 1 Caines, 252.) We think, therefore, that if the petitioner shall make another application for discharge under the sections of the code above mentioned, it will be the duty of the superior judge to whom it shall be made to consider the case as coming within

the provisions of those sections; to hear evidence touching his property and effects; to discharge the petitioner if he be satisfied from the evidence of his inability to pay; and to remand him if he be not so satisfied. To hold that the petitioner, though utterly penniless, must suffer a life imprisonment for debt because of the particular form in which the imprisonment was imposed, would be a gross violation of the plain intent of the code.

Writ dismissed.

SEARLS, C. J., SHARPSTEIN, J., PATERSON, J., and THORNTON, J., concurred.

McKINSTRY, J., concurred in the judgment.