[No. 13061.    Department One. — May 23, 1889.]

THOMAS M. SPENCER, PETITIONER, *v.* F. W. LAWLER, JUDGE OF THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

DIVORCE — ALIMONY — CONTEMPT — DISCHARGE FROM IMPRISONMENT — MANDAMUS — DISMISSAL — COSTS. — When the defendant in a divorce suit is adjudged guilty of contempt for refusal to pay alimony after an examination into his ability to pay the same, the judge of the court cannot be immediately required again to examine into the matter before the lapse of ten days, upon an application to discharge the prisoner under sections 1143 et seq. of the Code of Civil Procedure, and *mandamus* will not lie to compel the hearing of such application. If the judge responds to a petition for *mandamus* that he would have made another examination if the application had been renewed, at any time after the expiration of ten days and before the filing of the petition for *mandamus*, the petition will be dismissed at the costs of the petitioner

APPLICATION for a writ of mandate to the judge of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Jordan & Bull,* for Petitioner.

*Dorn & Dorn,* for Respondent.

PATERSON, J.—On August 25, 1884, in an action pending between plaintiff and his wife in the superior court, the bonds of matrimony existing between the parties were dissolved, and Spencer, the plaintiff herein, was ordered to pay to his wife the sum of fifty dollars per month alimony. The decree was, on May 13, 1887, so modified as to require him to pay the sum of twenty-five dollars per month. On December 24, 1888, Mrs. Spencer presented to and filed in the court below an affidavit alleging that nothing had been paid to her under the modified decree for alimony for over six months prior to that date, although the plaintiff was and had been amply able to respond to the order. Spencer, the petitioner herein, was thereupon cited to show cause before the court why he should not be punished for contempt. The parties appeared before the court on December 27th, and after a full hearing the court decided that the petitioner herein had contumaciously refused to obey the order of the court, adjudged him guilty of contempt, and committed him to the custody of the sheriff until the amount of alimony due should be paid. On the following day, his attorneys gave notice that he would apply to respondent herein, Hon. F. W. Lawler, presiding judge of the department in which the order adjudging petitioner guilty of contempt was made, for a discharge under the provisions of sections 1143 et seq. of the Code of Civil Procedure.

It is alleged in the petition herein that respondent sent a messenger to petitioner's attorneys, informing them that he would not hear the application for a discharge on the thirty-first day of December,—the time fixed in the notice,—or at any other time; that nevertheless said attorneys appeared in court on the day last

named to make the application aforesaid, but respondent was not present to hear it. Upon these facts the petition was filed herein February 2, 1889, asking for a writ of mandate commanding respondent to hear petitioner's application for a discharge from imprisonment.

In his answer, the respondent admits that an application was made, as alleged, for a discharge on December 28th, but alleges that he did not consider such an examination necessary at that time, because he had fully and fairly examined into the matter of petitioner's ability to pay the alimony on the day previous, but that he (respondent) at all times since the expiration of ten days from and after December 27th has held himself in readiness, as judge of said court, and is now ready and willing, to make whatever examination, and to hear whatever testimony may be produced by petitioner, touching his ability to pay the several sums of money as ordered.

We think that the respondent properly refused to again examine into the matter so soon after the examination, which was held on December 27, 1888. (*In re Wilson*, 75 Cal. 580.) Furthermore, it appears, taking the answer of the respondent as true,—and there is nothing to the contrary, except the allegation that a messenger informed the attorneys of the petitioner respondent would not hear it at all,—that if the application had been renewed at any time subsequent to the expiration of the ten days referred to by the respondent, and before the time when this petition was filed herein, the respondent would have made the examination which we are asked here to require him to make. The attorneys for petitioner ought not to have relied upon communications from a messenger or the clerk; they should have applied to the judge of the court. If they had done so, this petition would have been unnecessary.

The matter now between the parties seems to be one simply of costs. In view of the facts that petitioner's application would have been granted if made to the

court below at any time after January 6th, and that no application was made, we think he should pay the costs of this proceeding.

Petition dismissed.

McFARLAND, J., and BEATTY, C. J., concurred.