[No. 20956. In Bank. — September 22, 1892.]

## EX PARTE GEORGE A. BATCHELDER, ON HABEAS CORPUS.

ALIMONY — IMPRISONMENT FOR NON-PAYMENT — DISCHARGE UPON OATH OF INSOLVENCY — ILLEGAL REIMPRISONMENT — CONSTRUCTION OF ORDER — HABEAS CORPUS. — Where a defendant in a divorce proceeding was imprisoned by order of the trial court for refusal to comply with its order for the payment of alimony and counsel fees, and was afterwards duly discharged from imprisonment upon his taking the oath of insolvency, prescribed by section 1148 of the Code of Civil Procedure, a subsequent order directing him to pay to the plaintiff "said alimony and counsel fees" will be construed as requiring payment of the counsel fees and alimony due prior to his discharge, as well as the alimony subsequently accruing, and a commitment to imprisonment until he should comply with such order is illegal, and the defendant will be discharged upon *habeas corpus*.

APPLICATION to the Supreme Court for a discharge from imprisonment upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Jones & O'Donnell,* for Petitioner.

BEATTY, C. J. — In June, 1889, the superior court of San Francisco, in an action for divorce in which Mary M. Batchelder was plaintiff and the prisoner was defend-

ant, made its decree granting the divorce and ordering the payment by the defendant to the plaintiff of thirty dollars per month permanent alimony. Prior to the decree there had been orders requiring the payment by defendant of counsel fees and alimony *pendente lite.*

In January, 1890, the defendant was imprisoned by order of the superior court for refusal to comply with the orders and decree of the court for the payment of said counsel fees, temporary and permanent alimony theretofore accrued.

In March, 1890, he was duly discharged from said imprisonment by the superior court, upon his taking the oath prescribed by section 1148 of the Code of Civil Procedure.

Subsequently, he was again committed by an order requiring his imprisonment until he should comply with the order of the superior court directing him to pay to plaintiff "said alimony and counsel fees," — that is to say, as we construe the order, until he pays all the alimony and counsel fees accrued prior to his last discharge, as well as the monthly alimony accruing since that time.

To test the validity of said last-mentioned order this writ has been sued out.

The order is certainly invalid so far as it requires payment of counsel fees and alimony, whether permanent or temporary, due prior to the discharge of the prisoner on March 20, 1890. (Code Civ. Proc., sec. 1151.)

The order as it stands cannot be enforced.

Let the prisoner be discharged.

DE HAVEN, J., MCFARLAND, J., and SHARPSTEIN, J., concurred.