[Civ. No. 1611. First Appellate District.—July 28, 1915.]

NEWMAN A. FULLER, Respondent, v. JOHN F. KELLY, as Trustee in Bankruptcy of the Estate of James Treadwell, Bankrupt, et al., Appellants.

ACTION TO QUIET TITLE—PLEADING—STRIKING OUT CROSS-COMPLAINT.— There is no error in striking out a cross-complaint filed for the purpose of bringing in other parties to the action, in an action to quiet title to real property and to remove a cloud from the record created by a sale of the property under an execution issued upon a judgment in an action brought by the defendant against plaintiff's grantor, where the pleadings upon which the trial was had were sufficient to present all the evidence that could be introduced under the cross-complaint and to obtain all the relief that could have been given thereunder.

ID.—JURY TRIAL—WHEN PARTY NOT ENTITLED TO.—In such a case where plaintiff's possession of the property in dispute was admitted by the pleadings and the denials of the answer merely went to the allegations of ownership, the suit was one of equitable cognizance whose nature cannot be changed by affirmative defenses so as to make any difference regarding the right of trial by jury, and the defendants were not entitled to a jury trial.

ID.—SUFFICIENCY OF EVIDENCE—ABSENCE OF FRAUD.—In this action it is held that the evidence was sufficient to sustain the findings against the claim of fraud in the transfer of the property in question.

ID.—FRAUD—WHEN CONVEYANCE NOT FRAUDULENT.—The mere fact that a grantor is indebted does not preclude him from conveying his property for a valuable consideration, and where there is no intent to defraud, the conveyance cannot be set aside by creditors of the grantor.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. W. S. Wells, Judge.

The facts are stated in the opinion of the court.

Daniel O'Connell, and L. Horwitz, for Appellant.

Thomas B. Dozier, and Reid & Dozier, for Respondent.

KERRIGAN, J.—This action was brought to quiet title to certain real estate situated in Alameda County and to remove

a cloud from the record title thereof. Judgment went in favor of plaintiff herein in accordance with the prayer of his complaint, and this appeal is from such judgment and from an order denying defendants' motion for a new trial.

The action was against one John F. Kelly as trustee in bankruptcy of the bankrupt estate of James Treadwell and against John F. Kelly in his individual capacity. The complaint, among other things, alleged that the said Kelly, as such trustee, commenced an action against John Treadwell, a brother of the bankrupt, to recover the sum of some forty thousand dollars claimed to be due from the said John Treadwell to the said James Treadwell. The complaint further alleged that in said action the trustee caused a writ of attachment to be issued, and levy thereof made upon the real property claimed by plaintiff and described in the complaint herein. It recited the facts of the procurement of a judgment in said action by said trustee against John Treadwell, the levy of the writ of execution upon the property, and a pretended sale thereof under said writ of execution. Further allegations of the complaint set forth that at the time of the issuance of the writ of attachment, the levy of the same, the securing of the judgment, the issuing and levy of the writ of execution and the pretended sale thereunder, the property was and for a long time prior thereto had been the property of the plaintiff.

The defendants filed an answer to this complaint, to which a demurrer was interposed and sustained. At the time of filing the answer defendants filed a cross-complaint, whereby they sought to bring in as parties to the action the wife of John Treadwell and others. This cross-complaint was upon motion of the plaintiff stricken out, and subsequently the defendants filed an amended answer to the complaint, and an amended or second cross-complaint. The demurrer of the plaintiff to the answer was overruled, but the motion to strike out the second cross-complaint was granted.

The facts of the case, as shown by the evidence, are briefly as follows: The plaintiff was an old friend of John Treadwell with whom he had formerly had large business dealings; that while on a visit to New York about January, 1909, the said Treadwell met plaintiff and informed him that he was about to lose the property in question; that there was a mortgage upon it in favor of the receiver of the California Safe Deposit

28 Cal, App.—11

and Trust Company and a judgment which was a lien against the same held by the Bradford Investment Company and that there were street liens against the property; that the aggregate of such liens amounted to forty-three thousand dollars; that Treadwell wished the property to go as far toward the payment of his debts as possible and with this object in view requested the plaintiff to purchase it. After some negotiations an agreement was made with Treadwell by plaintiff for such purchase and a deed to the same was thereafter executed by John Treadwell and his wife to plaintiff in consideration of the sum of forty-three thousand dollars. An agreement was made by plaintiff with Treadwell at the time of the purchase whereby it could be redeemed at the end of a year by the repayment of said sum with interest. The property was never redeemed. This transaction took place in January, 1909, about a year prior to the time that defendant John F. Kelly, as trustee, commenced this action as aforesaid.

The question presented to the trial court for determination was whether or not the real estate in question was the property of the plaintiff, or whether it had been fraudulently transferred. The facts were determined adversely to the defendants, the court upholding the transfer to the plaintiff.

The first point relied upon by defendants for a reversal of the judgment is that the lower court erred in striking out the amended or second cross-complaint.

The pleadings under which the parties went to trial were sufficient to present all the evidence that could be introduced under the cross-complaint and were sufficient to obtain all the relief that could have been given under this attempted pleading. Under these circumstances the cross-complaint was unnecessary, and the action of the court in striking it out did not constitute error. (*Totten* v. *Barlow,* 165 Cal. 378, [132 Pac. 749].)

It is next insisted that the trial court erred in denying a jury trial and in refusing to submit the issues of fact to a jury and that the defendants were injured, prejudiced, and damaged by such refusal.

This action is purely an equitable one. Neither party was entitled to a jury trial as a matter of right. It was to quiet the title to certain real property and to remove the cloud from the record title created by the attempted sale by the sheriff as above narrated. The pleadings showed the plaintiff

to be in possession through tenants who acknowledged his title. His possession was not put in issue by the pleadings; there was no denial of the allegation of the complaint that plaintiff was in possession. The complaint alleged that the plaintiff was and for a long time had been in possession of the land. The amended answer nowhere denies this fact, the denials merely going to the allegations of ownership. In an action of this character, where a plaintiff is in possession, or his right to possession is not disputed by the actual occupant, the action in substance is of the nature of one to quiet title, and there need be no jury trial. Here there is no allegation in the answer or the cross-complaint of defendants showing a right of possession. There is neither allegation nor proof that any certificate of sale was ever issued by the sheriff, or that any sheriff's deed was ever executed or delivered to defendants. Where, as here, an action is brought against a defendant out of actual possession, and the issues are clearly of equitable cognizance, the nature of the action cannot, by affirmative defenses, be changed so as to make any difference regarding the right to a jury trial. Neither an answer nor cross-complaint can have such effect. (*Angus* v. *Craven,* 132 Cal. 691, [64 Pac. 1091].) The action of the court, therefore, in denying defendants a jury trial did not constitute error.

It is further contended by defendants that the evidence does not support the findings. In support of this contention it is the claim of the defendants that the evidence shows badges of fraud in that John Treadwell owed two million of dollars at the time of the conveyance; that the only consideration actually paid for the property was one thousand dollars, and that at the time of the transfer and ever since the property was worth from sixty-five to one hundred and fifty thousand dollars; that the conveyance at most is a mortgage and not a deed and that it was made to hinder, delay, and defraud creditors. From these alleged circumstances it is argued that plaintiff was not the owner of the property, but that the transaction was had in order to keep the property out of the reach of Treadwell's creditors and his trustee; that it was not a *bona fide* sale, but a mere device to get the record title out of Treadwell's name. The record, however, does not support this contention. The plaintiff testified that he paid Treadwell one thousand dollars in currency and that he also gave him a check, drawn on the Bank of British North Amer-

ica, for the further sum of forty-two thousand dollars, the balance of the purchase price. He further testified on several occasions that he paid forty-three thousand dollars for the property. There was no evidence showing that at the time of the transaction the property was worth any substantial sum in excess of the price paid; nor was there any testimony indicating fraud, but, on the contrary, the evidence fully supports the findings of fact of the court, and there was no direct evidence from which a different conclusion could have been reached. The mere fact that a grantor is indebted does not preclude him from conveying his property for a valuable consideration, and where there is no intent to defraud, the conveyance cannot be set aside by creditors of the grantor. (20 Cyc. 453.)

With reference to the contention that the evidence shows that the amount paid by plaintiff to Treadwell was a mere loan, and that the remedy for the recovery of the same was foreclosure, it is sufficient to say that the transaction was not treated by the defendants as a mortgage. It nowhere appears in the evidence, in the pleadings or elsewhere that any effort was made to pay off the amount. The case was not tried upon the theory that the transaction constituted a loan with the property given as security, but the claim was that the property was held in secret trust for John Treadwell. The findings of the court are against this contention and are fully sustained by the evidence.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.