[Crim. No. 2560.  In Bank.—May 28, 1923.]

Ex parte MYER LEVIN on Habeas Corpus.

[1] CONTEMPT—FAILURE TO PAY ALIMONY AND COUNSEL FEES—ABILITY TO COMPLY WITH ORDER—FINDINGS—HABEAS CORPUS.—Where the trial court found as a fact in its order committing petitioner for contempt for failure to pay alimony and counsel fees that he was able to comply with the order, this adjudication is conclusive on *habeas corpus*.

---

1. Contempt proceedings to compel payment of alimony, notes, 9 A. L. R. 265; 22 A. L. R. 1260; 24 L. R. A. 433; 30 L. R. A. (N. S.) 1001; L. R. A. 1917C, 97.

[2] Id.—Present Inability—Question for Trial Court.—The question of petitioner's present inability to comply with an order to pay alimony and counsel fees should be presented to the trial court in the first instance.

[3] Id.—Order of Commitment—Recitals—Evidence—Habeas Corpus.—Where an order of commitment for contempt in failing to pay alimony and counsel fees recites that evidence was received in support of the charge of contempt, it is conclusive on this question on *habeas corpus.*

[4] Id.—Review—Habeas Corpus.—The writ of *habeas corpus* cannot be used as a basis for review as upon appeal.

APPLICATION for a Writ of Habeas Corpus to discharge petitioner, who was committed for contempt for failure to pay alimony and counsel fees. Writ denied.

The facts are stated in the opinion of the court.

Hankins & Hankins and Olin F. Nuckolls for Petitioner.

R. M. J. Armstrong and A. M. Marks for Respondent.

WILBUR, C. J.—The petitioner was adjudged guilty of contempt for failure to pay alimony and counsel fees in a divorce proceeding brought against him by his wife. He seeks relief from said imprisonment upon the ground that he was unable to pay said amount at the time of the adjudication of contempt and that he was deprived of the opportunity of proving his inability to pay said amount upon the hearing of the contempt proceedings. [1] The court found as a fact in its order of commitment that the petitioner was able to comply with the order and this adjudication is conclusive on *habeas corpus.* (*Ex parte Spencer,* 83 Cal. 460 [17 Am. St. Rep. 266, 23 Pac. 395]; *Ex parte Clark,* 110 Cal. 405 [42 Pac. 905]; *Ex parte Cottrell,* 59 Cal. 417, 420; *Matter of Maginnis,* 162 Cal. 200, 206 [121 Pac. 723].)

[2] The petitioner also alleges that he is now unable to comply with the order and for that reason his imprisonment should terminate. (Pen. Code, sec. 1487, subd. 2.) This question should have been presented to the superior court in the first instance. (*Ex parte Wilson,* 73 Cal. 97 [14 Pac. 393]; *In re Wilson,* 75 Cal. 580 [17 Pac. 698];

Code Civ. Proc., sec. 1143 et seq.; *Spencer* v. *Lawler*, 79 Cal. 215 [21 Pac. 742].) [3] The petitioner claims that he was denied the right to present his evidence as to his inability to comply with the order of the court. It is sufficient on this point to say that the order of commitment recites that evidence was received in support of the charge of contempt and in view of this recital we cannot consider that question. The writ of *habeas corpus* cannot °be used as a basis for review as upon appeal. (*Ex parte Cottrell*, 59 Cal. 422.)

The petition is denied and the prisoner remanded.

Myers, J., Kerrigan, J., Waste, J., Lennon, J., Lawlor, J., and Seawell, J., concurred.