[Crim. No. 1139.  Second Appellate District, Division Two.—November
26, 1924.]

In the Matter of the Application of WILLIAM H. PILLS-
BURY for a Writ of Habeas Corpus.

[1] CONTEMPT—PLEADING—AFFIDAVIT.—Section 1211 of the Code of
Civil Procedure, which provides that "When the contempt is not
committed in the immediate view and presence of the court, or
judge at chambers, an affidavit shall be presented to the court,
or judge, of the facts constituting the contempt," does not require
that the affidavit shall so strictly conform to a complaint in a
civil action as to contain a prayer for relief.

[2] ID.—ISSUANCE OF ATTACHMENT AGAINST DEFENDANT—PRAYER IN
AFFIDAVIT—SECTION 1212, CODE OF CIVIL PROCEDURE.—A prayer in
an affidavit asking that a warrant of attachment issue against
the defendant and that he be brought into court upon contempt
of court for failure to make the payments or to furnish a bond
as he had previously been ordered by the court in a maintenance
action, is permitted by section 1212 of the Code of Civil Pro-
cedure.

---

1.  See 5 Cal. Jur. 938.

[3] ID.—MAINTENANCE—ABILITY TO COMPLY WITH ORDER—AFFIDAVIT—
PLEADING—BURDEN OF PROOF.—An affidavit asking that a war-
rant of attachment be issued to bring a defendant in a mainte-
nance action before the court for contempt is sufficient where it
shows that said defendant has failed to comply with the court's
previous order requiring him to make certain payments or furnish
a bond; and it need not allege that defendant has the ability to
comply with the order of the court, since upon the hearing, the
court having its order and the affidavit showing a violation thereof
before it, the burden is placed on defendant to purge himself of
contempt, and one way in which this can be done is by showing
inability to comply with the provisions of the order.

[4] ID.—PLEADING.—An allegation in such an affidavit upon informa-
tion and belief that defendant has wholly ignored the order of
the court requiring security and has not furnished the same is
sufficient.

[5] ID.—NATURE OF PROCEEDING—CODE SECTIONS—APPLICABILITY OF.—
A contempt proceeding for the violation of an order of court is
not a civil action either at law or in equity, and section 1154
of the Code of Civil Procedure does not apply when the trial
court decides from evidence introduced before it that one having
violated its order has the ability to comply therewith, but under
such circumstances section 1219 of the Code of Civil Procedure,
which provides, "When the contempt consists in the omission to
perform an act which is yet in the power of the person to perform,
he may be imprisoned until he have performed it," is controlling.

[6] ID. — JUDGMENTS — PRESUMPTIONS. — In a proceeding on *habeas
corpus* to secure the release of a person adjudged guilty of con-
tempt for violation of an order requiring certain payments in a
maintenance action, every reasonable intendment and presumption
must be indulged to sustain the contention that the proceedings
of the trial court were correct and regular.

[7] ID.—ORDER OF COMMITMENT—EVIDENCE.—In such proceeding, the
fact that no testimony was introduced when the order of commit-
ment was made does not furnish a ground for contemner's release
on *habeas corpus,* where he made no request to be heard and no
offer to purge himself of contempt, no denial of the truth of the
allegations contained in the affidavit stating that he had violated
two previous orders of the court, and where it must be presumed
that when the trial court made its first order requiring contemner
to make certain payments it must have found upon evidence that

5. See 5 Cal. Jur. 935.

6. *Habeas corpus* to review commitment for contempt, notes, 22
Am. St. Rep. 422; 1 L. R. A. (N. S.) 1142. See, also, 6 R. C. L.
540; 5 Cal. Jur. 957.

7. See 5 Cal. Jur. 945.

he was able to make said payments, and upon two other occasions before the order of commitment was made hearings were had at which contemner was present and evidence was heard.

[8] ID.—SECTION 1143, CODE OF CIVIL PROCEDURE—CONSTRUCTION OF.— Section 1143 of the Code of Civil Procedure relates to a person confined in jail on an execution issued on a judgment in a civil action, and where his ability to comply with an order of court has previously been determined by the trial court the section is not applicable.

---

(1) 13 C. J., p. 65, sec. 89.   (2) 13 C. J., p. 69, sec. 93.   (3) 13 C. J., p. 66, sec. 89.   (4) 13 C. J., p. 67, sec. 90.   (5) 30 C. J., p. 1091, sec. 903.   (6) 29 C. J., p. 167, sec. 190.   (7) 30 C. J., p. 1092, sec. 903.   (8) 30 C. J., p. 1092, sec. 903.

PROCEEDING on Habeas Corpus to secure release from custody upon a commitment for contempt of court. Writ dismissed; petitioner remanded.

The facts are stated in the opinion of the court.

Arthur E. Koepsel for Petitioner.

E. C. Bowen for Respondent.

CRAIG, J.—An order of commitment dated June 6, 1924, was issued by the superior court of Orange County, charging the petitioner with contempt of said court for failure to comply with the terms of an order made on July 27, 1923, directing him to pay temporary maintenance, attorney's fees, and costs in a separate maintenance suit, and for noncompliance with an order made on April 18, 1924, directing that he pay certain amounts then overdue or furnish bond therefor. Petitioner was arrested pursuant to the order first mentioned and incarcerated in the county jail of Orange County, from which confinement he now seeks relief by a writ of *habeas corpus*.

The order of July 27, 1923, was based upon evidence introduced at a hearing on an order to show cause, and the petitioner was therein directed to pay to the plaintiff $25 for costs, $150 attorney's fees, and $100 per month. It appears that payments were made thereunder until October 1, 1923, and that nothing has been paid since that date. On December 22, 1923, a warrant of attachment, based upon

affidavit, was issued for petitioner, under which he was arrested and brought into court on April 5, 1924; a hearing was had and evidence introduced on April 18, 1924, at which time the trial court found that petitioner had failed, neglected, and refused to make payments totaling $500, and that he was in contempt of court. An order was made on this latter date that he pay the full amount, or within one day furnish security for its payment within ten days. On the twenty-fourth day of May, 1924, the plaintiff Louise Pillsbury filed an affidavit reciting the foregoing facts, and that no part of said sum of $500 had been paid; it is further alleged that the order of April 18, 1924, was made in the presence of petitioner, and that a certified copy thereof was on that date personally served upon him; and it is averred upon information and belief that he ignored the order and neglected and refused to execute the bond which was required as an alternative; that the main action had gone to judgment, and that the petitioner had served and filed a notice of motion for new trial, but that the affiant had no money with which to employ counsel or to resist such motion. A prayer follows, asking that a warrant of attachment issue against the defendant and that he be brought into court upon contempt of court for failure to make the payments or the bond as he had previously been ordered to do.

The first ground upon which this proceeding is based is that the affidavit does not state sufficient facts, in that it fails to allege that the petitioner has the ability to comply with the order of the court and that the prayer should be for an order to show cause, rather than a warrant of attachment. Section 1211 of the Code of Civil Procedure provides that: ''When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court, or judge, of the facts constituting the contempt, . . . '' [1] While such affidavit has been held to serve the purpose of a pleading, the statute does not require that it shall so strictly conform to a complaint in a civil action as to contain a prayer for relief. [2] Section 1212 of the Code of Civil Procedure also provides for two modes of procedure in such contempts: ''a warrant of attachment may be issued to bring the person charged to answer, or, without a previous arrest, a warrant

of commitment may, upon notice, or upon an order to show cause be granted; and no warrant of commitment can be issued without such previous attachment to answer, or such notice or order to show cause." The affidavit in question was expressly made the basis of a warrant of attachment under the first method prescribed by said section. **[3]** Such an affidavit is sufficient if it states the acts done or omitted in violation of the order of court. (*Ex parte Ah Men*, 77 Cal. 198, 201 [11 Am. St. Rep. 263, 19 Pac. 380].) The affidavit in the instant case fully complies with this requirement. Petitioner was thereby afforded an opportunity to answer as to his ability to comply with the court's former mandate, and the order of commitment recites that upon a hearing of the issues the trial court found "that the defendant is able to make the same and each and all" of the payments theretofore ordered. This was all that was required. And this is so because upon the hearing the court had before it the order of the court and the affidavit showing a violation thereof, which placed the burden upon the petitioner to purge himself of contempt. One way in which he could do this was by showing inability to comply with the provisions of the order. (*In re Spencer*, 83 Cal. 460 [17 Am. St. Rep. 266, 23 Pac. 395].)

**[4]** The claim that the allegation upon information and belief that petitioner had wholly ignored the order of the court requiring security and had not furnished the same was insufficient is directly decided adversely to petitioner's contention in the following cases: *In re Acock*, 84 Cal. 50 [23 Pac. 1029]; *Hughes* v. *Moncur*, 28 Cal. App. 162 [152 Pac. 968]; *In re Kolb*, 60 Cal. App. 198 [212 Pac. 645].

**[5]** Also the contention that petitioner's confinement is illegal because the plaintiff has not advanced to the jailer funds for his maintenance, is untenable. Section 1154 of the Code of Civil Procedure requires such provision for a person "committed to jail on an execution issued on a judgment recovered in a civil action." Such a contempt proceeding is not a civil action either at law or in equity (*Hotaling* v. *Superior Court*, 191 Cal. 501 [29 A. L. R. 127, 217 Pac. 73]), and said section does not apply when the trial court decides from evidence introduced before it that one having violated its order has the ability to comply there-

with. Under these circumstances section 1219 of the Code of Civil Procedure is controlling, which provides: "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he have performed it." (*Ex parte Joutsen*, 154 Cal. 540 [98 Pac. 391].)

It is urged that on June 6, 1924, when the order of commitment was made no testimony was introduced, and that the petitioner was not allowed to show cause why he was unable to comply with the order of July 27, 1923, for which he is held in contempt. However, it appears by stipulation that he made no request to be heard and no offer to purge himself of contempt, and no denial of the truth of the allegations contained in the affidavit stating that he had violated the orders of July 27, 1923, and of April 18, 1924. [6] Every reasonable intendment and presumption must be indulged to sustain the contention that the proceedings of the trial court were correct and regular. [7] When the court below made the order in the first instance, on July 27, 1923, it would regularly have done so only after receiving evidence and upon a hearing in which the petitioner here had an opportunity to participate. (*Rose* v. *Rose*, 109 Cal. 544 [42 Pac. 452].) In fact, the record before us shows that he was present upon that occasion. Hence in this proceeding it must be presumed that the court found that he was able to make payments when the amounts were fixed by the trial court in the first instance. On April 18, 1924, a hearing was had, petitioner was present with his counsel, and the court adjudged him in contempt for having refused to comply with its order; it is further recited in the order of commitment that the parties also appeared on the twenty-seventh day of May, 1924, and that the trial court was "fully advised in the premises." Petitioner was present on each occasion and knew of the action taken by the court; there is no denial that it heard the evidence both on April 18 and May 27, 1924. Upon either of these occasions the court could have committed Pillsbury for contempt. Because the trial court was more lenient than necessary, and allowed further opportunity for complying with its orders and the chance to furnish security, did not detract from its power to eventually punish him for contempt when it had

apparently decided that patience had ceased to be a virtue (*Tripp* v. *Superior Court,* 61 Cal. App. 64 [214 Pac. 252].) Petitioner does not contend, nor does he attempt to say, that he could have shown when finally committed that he had not violated the orders of the court; and its findings from the evidence before it are therefore final in this respect. (*Ex parte Cottrell,* 59 Cal. 429; *Tripp* v. *Tripp,* 190 Cal. 201 [211 Pac. 225].)

Finally, it is contended that the petitioner made application under section 1143 of the Code of Civil Procedure to purge himself of the contempt for which he had been imprisoned, but that the trial court upon the date set for hearing said application declined to hear any evidence and dismissed the application. It appears that counsel for respondent objected upon the ground that there was no issue before the court, and that this objection was sustained. [8] Section 1143 of the Code of Civil Procedure relates to persons confined in jail on an execution issued on a judgment in a civil action, and where his ability to comply with an order of court has previously been determined by the trial court this section is not applicable, as we have heretofore shown. There is no showing that petitioner could have purged himself by making payment, or that he had any legitimate excuse.

The writ is dismissed and petitioner remanded.

Finlayson, P. J., and Works, J., concurred.