(February 7, 1925.)

## HARVEY M. BROOKS, Plaintiff, v. GEORGE W. EDGINGTON, Judge of the District Court of the Ninth Judicial District, Defendant.

[233 Pac. 514.]

MANDAMUS — MOTION TO STRIKE—IMPRISONMENT FOR CONTEMPT—DISCHARGE.

1. A writ of *mandamus* will not issue unless the party seeking it has a clear legal right to have the act done for which he seeks the aid of the writ, and it is the clear legal duty of the officer to act.

2. Sections 7308 to 7319, C. S., entitling persons confined in jail under executions issued in civil action to apply for a hearing for the purpose of obtaining a discharge, are available to a person confined in jail for noncompliance with an order of court for the payment of alimony.

3. On petition for a writ of mandate to compel a district judge to hear a motion to purge petitioner of contempt, an allegation that the prisoner is ill and confinement in jail is detrimental to his health is not material to the petition for the writ and will be stricken.

PETITION for Writ of Mandamus. Demurrer sustained; alternative writ *quashed,* and writ *denied.*

James S. Byers, for Plaintiff.

*Mandamus* will issue to compel the district court to proceed with a trial of which it has properly assumed jurisdiction. (*Fox v. Flynn,* 27 Ida. 580, 150 Pac. 44; *State v. District Court,* 126 Minn. 501, Ann. Cas. 1915D, 198, 148 N. W. 463; *State ex rel. Mary Frances Realty Co. v. Homer,* 150 Mo. App. 325, 130 S. W. 510; 26 Cyc. 221; *Hill v. Morgan,* 9 Ida. 718, 76 Pac. 323.)

The petitioner is entitled to a discharge under C. S., secs. 7308–7319. (*Spencer v. Lawler, Judge,* 79 Cal. 215, 21 Pac.

Publisher's Note.

1. *Mandamus* against public officers, see note in 98 **Am. St.** 863.

742; *In re Wilson*, 75 Cal. 580, 17 Pac. 698; *Ex parte Levin*, 191 Cal. 207, 215 Pac. 908; *In re Spencer*, 83 Cal. 460, 17 Am. St. 266, 23 Pac. 395; *United Railroads v. Superior Court*, 172 Cal. 80, 15 Pac. 463.)

A judgment of contempt does not divest the court of jurisdiction. (*Ex parte Hanson*, 81 Kan. 608, 106 Pac. 276; *Tindall v. Nisbet*, 114 Ga. 224, 39 S. E. 849; *Childs v. Wiseman*, 119 N. C. 497, 26 S. E. 126; 13 C. J. 95.)

The motion was actually heard and urged on January 12th. C. S., sec. 7315, says "may apply" every thirty days. That was the date we "applied" to the court for a discharge, which was more than thirty days from December 10, 1924.

Holden & Mote, for Defendant.

The order and judgment of the court made and entered on December 10, 1924, is final and conclusive. (C. S., sec. 7396.) The nature of a contempt of this kind is *quasi* criminal. (*Levan v. Richards*, 4 Ida. 667, 43 Pac. 574; *In re Hamberg*, 37 Ida. 550, 217 Pac. 264; *Ex parte Von Gerzabek*, 63 Cal. App. 657, 219 Pac. 479; *People v. Curry*, 45 Cal. App. Dec. 585, 231 Pac. 358.)

C. S., secs. 3708–3719, refer entirely to judgments and execution in civil matters. This present case is a special proceeding and not a judgment or execution on civil process. (*Ex parte Levin*, 191 Cal. 207, 215 Pac. 908.)

In view of the fact that plaintiff was adjudged in contempt on December 10, 1924, and filed his motion for discharge on January 7, 1925, just twenty-eight days after the rendition of the order of commitment, the motion was prematurely made and the court, in any view of the facts, was without jurisdiction to hear the same. (C. S., sec. 7315; *Spencer v. Lawler*, 79 Cal. 215, 21 Pac. 742; *In re Wilson*, 75 Cal. 580, 17 Pac. 698.)

TAYLOR, J.—A petition was filed herein for an alternative writ of mandate to compel the defendant, George W. Edgington, Judge of the district court of the ninth judicial district in and for the county of Bonneville, to hear and de-

termine the motion of petitioner for his discharge from confinement in jail on a commitment made upon a judgment for contempt. An alternative writ of mandate was issued. The defendant demurred to the petition, moved to quash the writ and filed an answer in return thereto.

The petitioner, plaintiff in a divorce action in the district court of Bonneville county, was by judgment therein, ordered to pay monthly alimony. Upon his failure to comply with the judgment for a considerable period of time he was cited for, and after a hearing, adjudged guilty of contempt, and upon December 10, 1924, was ordered to pay forthwith the sum of $900 and to be confined in the county jail until such time as "payment of said sum shall be made," and since that date has been in jail under said order and commitment.

The petition for an alternative writ of mandate herein recites "That on the 7th day of January, 1925, your petitioner moved the said District Court to be purged of the said contempt, so pronounced, upon the ground and for the reason that the petitioner herein, was as of the date of the said commitment and of the said motion, wholly unable to pay the sum of $900 set out in said judgment and unable to comply with the terms thereof," and further, "that on the 12th day of January, 1925, your petitioner's motion to purge himself of the contempt came on regularly to be heard in said District Court. Honorable George W. Edgington sitting as Judge thereof."

The petition further recites that the motion was in writing, that petitioner's attorney demanded of said judge that he hear petitioner's motion; that said judge refused to heed or permit petitioner to urge his said motion "and then and there refused, and still refuses to permit your petitioner to purge himself of the said judgment of contempt," further reciting that the respondent entered a judgment so refusing which is set out in full in the petition.

The petition further recites "that at the time of making said motion . . . . and since the time thereof this petitioner has requested and demanded that he be permitted to purge himself of the contempt judgment made and entered in said

court," but the defendant refused, and does now refuse, to permit or hear petitioner's motion to purge himself of the said contempt.

Defendant filed a motion to strike from the petition an allegation which recites "That your petitioner is now confined in the said jail of Bonneville County, Idaho; that duly qualified and acting physicians have examined this petitioner and have certified to the said District Court that petitioner is ill and that the confinement in said jail is detrimental to the health of petitioner." The allegation as to the condition of petitioner's health is not material for our consideration on the petition for writ of mandate and therefore should be stricken. Defendant demurred to the petition "for the reason that said petition for such writ does not state facts sufficient to warrant the issuance of an alternative writ of *mandamus,* and for the further reason that no proper showing has been made for such writ."

It appears from the petition that the defendant refused to entertain the motion of the petitioner wholly upon the ground that the judgment of contempt was final and conclusive. The memorandum decision made by the court recites that "the court has come to the conclusion that it has no such jurisdiction," this holding apparently, however, not being based upon any insufficiency of notice of the application or that it was premature. However, the legal right of a petitioner for writ of mandate to the performance of the particular act sought to be compelled must be clear and complete. (26 Cyc. 151; *Burke v. Edgar,* 67 Cal. 182, 7 Pac. 488; *People v. District Court,* 24 Colo. 401, 51 Pac. 510.)

Under sections 7308 to 7319, C. S., the petitioner would have the right, at the end of thirty days after the order committing him for contempt, to apply to the district judge for such discharge from imprisonment. Section 7309 provides that "such person must cause a notice in writing to be given to the plaintiff (defendant) his agent or attorney, that at a certain time and place he will apply . . . . for the purpose of obtaining a discharge from his imprisonment." Section 7310 provides that "such notice must be served . . . . one day at

least before the hearing of the application." Section 7315 provides that "if such judge does not discharge the prisoner he may apply for his discharge at the end of every succeeding thirty days . . . . " These sections are applicable to an application for discharge by one confined in jail on contempt proceedings for noncompliance with an order for the payment of alimony, and mandate may issue to compel a hearing upon such application. (*In re Wilson,* 75 Cal. 580, 17 Pac. 698; *Spencer v. Lawler,* 79 Cal. 215, 21 Pac. 742; *Ex parte Levin,* 191 Cal. 207, 215 Pac. 908.)

It would appear from the provisions of sec. 7315, C. S., that if to make a second application for discharge a person must wait full thirty days, then by inference he must wait that length of time to make a first application. Construing the petitioner's language with its full import, he moved upon January 7, 1925, less than thirty days after his commitment, upon the ground that he "was at the date of said commitment and of the said motion, wholly unable to pay the money ordered to be paid." There is no recital of the giving of any notice in writing or otherwise to the defendant, her agent or attorney, of a time or place where the application would be made, or that any such notice was served to comply with sec. 7310, C. S.

The petition further recites "that at the time of making said motion . . . and since the time thereof the respondent refused and does now refuse to permit or hear petitioner's motion." If petitioner did as he alleges, move upon the 7th of January, 1925, and if the defendant did as petitioner alleges, then refuse to hear the motion, the defendant was wholly within his right in refusing to hear the motion prematurely filed. While it appears that the motion came on for hearing upon the 12th of January, it was, nevertheless, a hearing on a motion made before the end of thirty days, and if the petition is correct, refused before and after the end of thirty days, and was made upon the ground that petitioner was at the date of said commitment and of said motion, and not as of a date thirty days after commitment, wholly unable to pay the sum ordered to be paid. To grant

the writ of *mandamus* in this case would be to compel the judge of the district court to hear and determine a motion which the petition alleges was ''made'' less than thirty days after petitioner's commitment to jail.

Petitioner has not shown a strict legal right to a writ of mandate. For this reason the demurrer is sustained and the writ quashed. Our conclusion upon this matter makes it unnecessary to consider the answer to the writ.

Costs awarded to defendant.

William A. Lee, C. J., Wm. E. Lee, Budge and Givens, JJ., concur.