[Civ. No. 10719.  First Appellate District, Division One.—March 2, 1938.]

MAY J. ELLERY, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Nathan C. Coghlan and Walter C. Frame for Petitioner.

Charles N. Douglas for Respondent.

THE COURT.—A proceeding in *mandamus*. Petitioner brought her action for divorce from William Ellery in respondent superior court, in which she was granted a judgment for separate maintenance, requiring her husband to pay a certain sum per month, together with counsel fees and costs. He failed to pay the maintenance awarded and subsequently, upon an order to show cause why he should not be punished for contempt, he was ordered to pay a sum on account thereof forthwith, which he also failed and refused to do, whereupon he was adjudged guilty of contempt, committed to the custody of the sheriff, and ordered confined in the county jail until the amount last referred to should be paid. He thereupon applied to the District Court of Appeal of the First District for release on *habeas corpus*, which court on August 10, 1937, sustained the commitment, and he was remanded to the custody of the sheriff. (*In re Ellery*, 22 Cal. App. (2d) 274 [70 Pac. (2d) 690].)

On or about August 13, 1937, he filed in respondent court, pursuant to sections 1143 et seq. of the Code of Civil Procedure, an application for an order discharging him from custody. Respondent court entertained the application and admitted the applicant to bail. The present proceeding in *mandamus* was brought to compel dismissal of the application and the remand of the applicant to the custody of the sheriff on the ground that respondent is without jurisdiction in the premises.

Petitioner contends that the judgment for maintenance is not a debt and, therefore, the code provisions above mentioned have no application.

It is well settled that such a judgment is not a debt within the meaning of section 15 of article I of the Constitution, which secures a citizen against imprisonment for debt. Nevertheless the duty of support, though not technically a debt, is an obligation which may be enforced by the process of contempt. (*Ex parte Perkins*, 18 Cal. 60; *Livingston* v. *Superior Court*, 117 Cal. 633 [49 Pac. 836, 38 L. R. A. 175].)

In the *Matter of the Application of Wilson*, 75 Cal. 580 [17 Pac. 698], the question here presented was determined.

There it was held that the petitioner, who in a divorce action had been ordered to pay alimony and committed for contempt on his failure to pay, was in custody under an execution, and would be entitled to his discharge under the code sections cited upon proof establishing his subsequent inability to comply with the order. The rule thus declared was referred to with tacit approval in *Spencer* v. *Lawler*, 79 Cal. 215 [21 Pac. 742], *Ex parte Batchelder*, 96 Cal. 233 [31 Pac. 45], and *Ex parte Levin*, 191 Cal. 207 [215 Pac. 908]. (See, also, 1 Cal. Jur., Alimony and Maintenance, sec. 108, p. 1061.)

In this connection *In re Pillsbury*, 69 Cal. App. 784, 785 [232 Pac. 725], is cited and relied upon by petitioner; but an examination of the case shows that what was said to the contrary was unnecessary to the decision. We think it clear that the code sections apply to cases of this character; and if it be established that Ellery since his commitment has become unable to comply with the order of court, respondent has jurisdiction to entertain his application for discharge.

The question of the power of the court to admit him to bail pending a determination of the application we need not consider, as respondent having entertained jurisdiction of the application—and properly so as we think—and having acted in the above particular judicially, its proceedings, if erroneous, may not be reviewed in a proceeding in *mandamus*. (16 Cal. Jur., Mandamus, sec. 35, p. 822.)

The prayer of the petition is denied and the writ dismissed.